UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIMENSION TOWNHOUSES LLC, | CASE NO. C17-5637 BHS |
| Plaintiff, | ORDER |
| v. | |
| MICHELLE COATES, | |
| Defendant. | |

This matter comes before the Court on Defendant Michelle Coates's ("Coates") motion to proceed *in forma pauperis* (Dkt. 2) and proposed notice of removal (Dkt. 1).

On August 14, 2017, Coates filed the instant motion and proposed removal of Plaintiff Dimension Townhouses, LLC's ("Dimension") complaint for unlawful detainer. *Id*. Coates asserts that the Court has jurisdiction over the matter because her answer asserts a violation of the notice requirements of the Protection Tenants at Foreclosure Act, 12 U.S.C. § 5220. *Id*.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in

civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Here, Coates' affidavit and *in forma pauperis* application show that she is unable to prepay fees and costs. *See* Dkt. 1.

However, even if a plaintiff satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). District courts have federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal

petition was filed." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988).

In this case, Coates's attempt to remove this case is improper. While Coates alleges that any eviction would violate federal tenant laws, the claim is not presented in Coates's answer. Dkt. 1-2. Even if it were in the answer, Coates has failed to allege that she is the tenant of a foreclosed property and entitled to protection under § 5220. Therefore, the Court **REMANDS** this case *sua sponte* for lack of jurisdiction and **DENIES** Coates's motion for leave to proceed *in forma pauperis* as **moot**. The Clerk shall remand to Pierce County Court and close this case.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge